IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OJI WILLIAMS,<br><br>　Petitioner,<br><br>v.<br><br>WARDEN C. CARTER,<br><br>　Respondent. | Civil Action No.:  SAG-23-2207 |

**MEMORANDUM OPINION**

Oji Williams, a federal inmate, filed his Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking application of First Step Act ("FSA") credits to his sentence.  ECF Nos. 4, 6.  Respondent, Warden C. Carter of the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  ECF No. 9.  To date, Williams has not responded to the Motion.  Having reviewed the Amended Petition, Supplement, and Motion, the Court finds that no hearing is necessary.  Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2023).  For the reasons set forth below, the Court will grant Respondent's Motion.

**I.    BACKGROUND**

Williams is serving a 54-month term of imprisonment followed by four years' supervised release pursuant to his conviction in the United States District Court for the Southern District of West Virginia.  ECF No. 9-1 at ¶ 5, pg. 7-14.  Williams was indicted on two counts by a Grand Jury on February 24, 2021.  *Id.* at pg. 21-24.  Williams ultimately pleaded guilty to one count of possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1).  *Id.* at ¶ 7, pg. 7.  The Presentence Report ("PSR") stated that pursuant to 21 U.S.C.

§ 841(b)(1)(B), the minimum term of imprisonment was five years and the maximum term was 40 years. *Id.* at ¶ 8.C. The sentencing court adopted the PSR with some revisions, none of which changed the statute under which Williams was convicted. *Id.* at ¶ 9. Williams has a projected release date of July 17, 2024. *Id.* at ¶ 5, pg. 16.

Williams asserts that the Bureau of Prisons ("BOP") has failed to apply FSA time credits to his sentence in violation of 18 U.S.C. § 3632 and 3624(g). ECF No. 4 at 8. Williams further complains that BOP uses a flawed system of calculating an inmate's recidivism risk. ECF No. 6 at 5. He asserts that he has maintained employment for three years, has not received any disciplinary infractions, and has participated in programs continuously. *Id.* at 5-6. As such, Williams contends that he should earn time credits and be calculated at a lower level because of his participation in evidence-based recidivism reduction ("EBRR") programs. *Id.* at 6. He requests that the BOP "reduce his recidivism risk level to low and award him 15 days' credit for every 30 days' participation in EBRR programs" and "determine he is eligible for early release" under the FSA. ECF No. 4 at 8.

Respondent contends that because Williams violated 21 U.S.C. § 841(a)(1), his sentence was imposed pursuant to 21 U.S.C. § 841(b)(1)(B)(vi), disqualifying him from eligibility for earned time credits ("ETCs") under the FSA. ECF No. 9 at 2. As such, Respondent asserts the Amended Petition must be dismissed because Williams cannot accrue any ETCs and therefore they cannot be applied to his sentence. *Id.* at 3.

## II.     ANALYSIS

Only the Attorney General, acting through the BOP, may administer a federal inmate's sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992). This includes determining where an inmate serves his sentence as well as time credit. *See* 18 U.S.C. § 3621(b);

*Wilson*, 503 U.S. at 335.  "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself."  *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement.  *Id.*.; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

The First Step Act of 2018 (the "FSA"), PL 115-391, December 21, 2018, 132 Stat 5194, amended 18 U.S.C. § 3621, which governs the calculation of federal prison sentences.  Section 102(b) of the FSA also amended 18 U.S.C. § 3624(b), allowing federal inmates to earn additional good time credits.  *See* P.L. 115-391, § 102(b)(1).  The FSA, among other things, allows the BOP to award inmates a maximum of 54 days of good time credits per year of their imposed sentence rather than 54 days of credit per year of their sentence served.  *See Pizarro v. White*, No. 1:19-CV-343, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019).

The FSA was enacted on December 21, 2018.  *See* 18 U.S.C. § 3632.  Within 210 days of enactment, the Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System").  *Id.*  The System is for:  (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of EBRRs appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See* § 3632(a).  Further, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's

3

specific criminogenic needs." *Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive ETCs to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A). To be eligible to earn ETCs, inmates must not have a conviction for a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). An eligible inmate may earn ten (10) days of credit for every thirty (30) days of successful participation in EBRRs or PAs. *See* § 3632(d)(4)(A). Additionally, eligible inmates who have been assessed at a minimum or low risk of recidivism, who maintain their low risk of recidivism over two (2) consecutive assessments, may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. *See id.*

In the FSA, Congress set forth five circumstances in which inmates serving a sentence for conviction under the Controlled Substances Act, 21 U.S.C. § 841, would be ineligible for ETCs. 18 U.S.C. § 3632(d)(4)(D)(lviii), (lxv-lxvii). Relevant here, subsection (lxvi) disqualifies inmates serving a sentence for a conviction under:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. § 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. § 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

Williams, who pleaded guilty to possession with intent to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 841(a)(1), was sentenced pursuant to the penalty provision of the Controlled Substances Act, § 841(b)(1), specifically, subparagraph (B)(vi) which applies to convictions involving "40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide…," the chemical name for

fentanyl. Accordingly, due to the type of conviction for which Williams is serving his sentence, he is ineligible to earn ETCs under the FSA which might qualify him for early release.

### III.     CONCLUSION

For the reasons set forth above, the Court will grant Respondent's Motion to Dismiss, or in the Alternative for Summary Judgment. The Amended Petition will be denied and dismissed. A separate Order follows.

June 26, 2024  /s/
Date  Stephanie A. Gallagher
United States District Judge